UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| VINCENT F. RIVERA,<br><br>      Plaintiff,<br><br>v.<br><br>TIM PAWLENTY, Governor,<br>MINNESOTA DEP'T OF CORRS.,<br>U.S. Rep. KEITH ELLISON, and<br>U.S. Sen. NORM COLEMAN, et al.,<br><br>      Defendants. | Civil No. 06-4927 (PAM/JSM)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a Florida prison inmate, commenced this action by filing a complaint and an application to proceed in forma pauperis, ("IFP"). This Court reviewed Plaintiff's IFP application and concluded that he was ineligible for IFP status under the "three strikes rule" set forth at 28 U.S.C. § 1915(g).[1]  Therefore, by order dated December 20, 2007, (Docket No. 4), the Court denied Plaintiff's IFP application, and directed him to pay the full $350 filing fee prescribed by 28 U.S.C. § 1914(a).  That order expressly advised Plaintiff that if he did not pay the full filing fee by January 15, 2007, the Court would recommend that this action be summarily dismissed.

---

[1] Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA").  It provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The deadline for paying the filing fee has now passed, and Plaintiff has not paid it.[2] Therefore, in accordance with the Court's prior order, it is now recommended that this action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

This action be SUMMARILY DISMISSED WITHOUT PREJUDICE.

Dated: September 25, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 15, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[2] Plaintiff attempted to appeal the order that required him to pay the full filing fee, but his appeal was dismissed by the Eighth Circuit Court of Appeals. (Docket No. 12.)